## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

KARINA QUIÑONES,

     Plaintiff,

       v.

THE UNIVERSITY OF PUERTO RICO,
et al.,

     Defendants.

CIVIL NO.: 14-1331 (MEL)

## OPINION AND ORDER

On August 14, 2014, an initial scheduling conference was held in this case at which the following deadlines were set: August 29, 2014 to serve written discovery, including interrogatories, requests for production of documents, and requests for admissions; 30 days from the date of service to respond to written discovery requests; October 10, 2014 for plaintiff's deposition to be taken; February 27, 2015 for the conclusion of all other depositions and for the conclusion of the discovery; and April 10, 2015 to file motions for summary judgment. ECF No. 39. On January 21, 2015, defendants filed a motion to dismiss for lack of prosecution, informing the court, among other things, that plaintiff had not responded to their written discovery requests, which defendants served in compliance with the deadline, on August 29, 2014. See ECF No. 54. The court denied defendants' motion to dismiss for lack of prosecution on February 17, 2015, ordering the parties "to meet in good faith to resolve any pending discovery disputes as required by Local Rule 26 . . . ." ECF No. 62. On April 6, 2015, the court granted in part and denied in part defendants' request for additional discovery, setting a deadline of May 22, 2015 for the conclusion of discovery and a deadline of July 1, 2015 to file dispositive motions. ECF No. 72.

On May 5, 2015, defendants filed a motion for an additional extension of time, in which they request until August 15, 2015 to conclude discovery and until September 30, 2015 to file motions for summary judgment (ECF No. 77). They assert that since the court reopened the discovery period on April 6, 2014 they "made efforts designed to get their discovery on track," but that the only document plaintiff provided them was a medical record concerning her one-month stay from March 5, 2011 until April 5, 2011 (see ECF No. 89, at 6) at the Watershed Rehabilitation Facility in Florida (the "Watershed record"), which plaintiff produced to them on April 20, 2015 although it had been in her possession since at least March 26, 2015.[1] ECF No. 77, at 2-3. Defendants claim that the Watershed record revealed to them that plaintiff had been treated by physicians that she had not mentioned in her answers to defendants' interrogatories and that "[p]laintiff's conditions are far more serious and go deeper than her addictions alone might suggest." Id. On April 21, 2015, defendants began requesting that plaintiff supplement her answers to interrogatories and provide either her medical records from those providers or medical record authorizations so that defendants could obtain the records through subpoenas. Id. at 3; see also ECF Nos. 77-5, 77-6, 77-7. On May 1, 2015 plaintiff provided the medical record authorizations that defendants requested. ECF No. 77, at 3. Defendants seek the additional time for discovery in order to obtain additional medical records and "to determine whether [it] is necessary to submit [p]laintiff to an independent medical/psychiatric/psychological examination(s), pursuant to Fed. R. Civ. P. 35." Id. at 10-11. Plaintiff opposed the request for an extension of time, asking in the alternative for the court to permit her to conduct additional

---

[1] Defendants include several e-mails that defense counsel sent to plaintiff's counsel attempting to confer regarding the remaining discovery. See ECF Nos. 77-2, 77-3, 77-4.

discovery, if the court were to grant defendants' request for an enlargement of the discovery period.[2] ECF No. 82.

On May 20, 2015, defendants filed an "emergency motion," reiterating their request for an extension of time and requesting an order "authorizing them to take [plaintiff's] deposition over no more than 3 days," instructing the parties to dispense with the use of an interpreter during [p]laintiff's deposition," and authorizing defendants to postpone her deposition, which was scheduled for May 21, 2015, until after defendants received all of plaintiff's medical records. ECF No. 84. They informed the court that on May 20, 2015, plaintiff's counsel had requested the use of an interpreter for plaintiff's deposition for the first time, despite defendants' contention that plaintiff is fluent in the English language. Id. at 2-3. Plaintiff responded to defendants' motion, informing the court that on May 19, 2015 at 7:33 p.m. defendants sent plaintiff's counsel an e-mail informing them that plaintiff's deposition would be taken in English and "that if they did not hear from [plaintiff's counsel] they [would] understand that the deposition would indeed be taken in English." ECF No. 85. Plaintiff's counsel responded to defense counsel the following day, at 12:39 p.m., informing defense counsel that plaintiff "indeed needed an interpreter." Id. at 2. Plaintiff argues that her request for an interpreter "is not a capricious one" and that although she can understand English and have an conversation in English, "her maternal language is Spanish" and she "needs an interpreter to be present at her deposition in order to help her in the process of providing the best answers possible for the record of this case." Id.  On May 21, 2015, plaintiff informed the court that she arrived to

---

[2] Additionally, plaintiff requests that "paragraph 2.8" of defendants' motion for an enlargement of time, which includes a description of her substance abuse history from the Watershed record, be stricken from the record, arguing that it is irrelevant to the decision of whether to allow additional time for the completion of discovery. ECF No. 82, at 2, 5. The request to strike is denied, as the contents of the Watershed record are in fact pertinent to the matter of whether defendants' need for additional time; however, defendants' motion for extension of time will remain under restricted access.

defense counsel's offices for her scheduled deposition and was informed that defense counsel had cancelled the deposition, via an e-mail sent at 10:24 p.m. the prior evening. ECF No. 87-1. The e-mail states:

> Dear counsel,
>
> Given the positions you articulated in your Response filed today, no good would come from trying to begin the deposition today. For instance, you insist in the use of an interpreter and in the 7-hour limit. That means that in 7 hours, the real time of questions and answers would be 4 hours at the most, given the time wasted in the translation of questions and answers. That is, you want to have your cake and to it too; but the Court would have to agree with you. Thus, we will wait for a Court ruling and we are hereby cancelling [p]laintiff's deposition until further notice. Thank you.
>
> Cordially,
>
> Roberto Ariel Fernández

ECF No. 89-2.

On May 27, 2015, the court ordered plaintiff's counsel and defendants' counsel to certify as officers of the court certain matters regarding the pending disputes and ordered plaintiff to provide a statement under penalty of perjury providing clarification as to her knowledge of the English language. ECF No. 88. The motions in compliance with the court's order (ECF Nos. 89, 90) are noted. Taking into consideration the contents of those motions and the procedural history summarized above, it is evident that the conduct of both sides throughout the discovery process has fallen below par and has led to unnecessary delays in this case.

Plaintiff alleged in the complaint that she "has a record of mental impairment or disability" and that during March 2011 she "enrolled in an alcohol rehabilitation program" at which she was prescribed Adderall "to enhance focus during her residency program." ECF No. 1, ¶¶ 10, 26-27. In defendants' requests for written discovery, served on August 27, 2014, they requested, *inter alia*, that plaintiff "[d]escribe in full detail what was the mental impairment of

disability [she] referred to in paragraph 10 of [her] Complaint, when it started, who diagnosed it and the treatment that [she] underwent as a result of said diagnosis" and "[p]rovide [a] copy of all medical records or documents in support of [her] answer." ECF No. 90-1, at 7 ¶ 9. Additionally, defendants requested that she "[d]escribe in full detail the type of alcohol rehabilitation program that, according to paragraphs 26 and 27 of the Complaint, [she was] enrolled in during March 2011; treatment or therapies received, names of doctors or health providers and address[es]" and "[p]rovide a copy of all records or documents in support of [her] answer." Id. at 7, ¶ 11. In view that plaintiff put her mental health at issue in this case by claiming that defendants' actions caused her "severe emotional pain and mental anguish," (see ECF No. ¶ 53), her failure to disclose the names of each and every one of the medical professionals from whom she has received treatment in her initial disclosures and—at the latest—in response to defendants' interrogatories and requests for production of documents is inexcusable. By plaintiff's counsel's own statement, plaintiff did not produce any medical records to the defense until February 26, 2015—that is, *one day* before all discovery was set to close and nearly 5 months after all responses to written discovery requests were due. Moreover, plaintiff did not produce the Watershed record to defendants until April 20, 2015, and the Watershed record revealed additional providers whose names had not been previously disclosed to defendants. Not only was her production of the record highly untimely, but plaintiff's counsel fail to offer an adequate explanation for why the names of her providers were not disclosed earlier in the discovery period or for the fact that plaintiff's counsel had the Watershed record in their possession for 3 weeks before turning the record over to the defense. Unlike other types of documents which need to be sorted based on the attorney-client privilege or the work product doctrine prior to turning them over to the opposing side, plaintiff was obligated to produce the

full Watershed record to the defense, rendering their explanation for the delay—that they needed time to verify and review the documents prior to producing them (see ECF No. 89, at 7)—unavailing. In response to the court's inquiry as to when plaintiff responded to defendants' written discovery requests, counsel for plaintiff indicate that on various occasions in November 2014, after plaintiff's response was due, they "agreed" to extensions of time for plaintiff to respond with defense counsel. They did so in clear violation of the court's order at the initial scheduling conference that "[t]he parties shall not amend these deadlines without prior leave from the court."[3] ECF No. 39, at 2. Finally, plaintiff requested an interpreter for her deposition without a good faith basis for doing so. In addition to having studied English "all throughout [her] education until [her] first year of College," having "taken classes in English throughout [her] graduate and post-graduate courses," having taken a medical licensure examination in English, having lived in Massachusetts from 2005 until 2009 working as a Post Doctoral Research Fellow, and having published several articles in the English language, plaintiff's résumé even *explicitly* states that she is fluent in written and spoken English. ECF No. 89-1, 89-2. It is abundantly clear from plaintiff's responses to the court's questions regarding her knowledge of the English language and from her résumé that she is capable of being deposed in English, without the need for an interpreter.

While the defense appear to have made more effort to comply with the deadlines imposed by the court in this case than plaintiff has, counsel for defendants are not blameless for the current status of the proceedings. In response to the court's question as to why they waited until January 21, 2015 to bring to the court's attention that plaintiff had not responded to their written discovery requests, which were due on September 18, 2014, counsel for defendants stated:

---

[3] Although in February 2015 court ordered the parties to confer in order resolve their pending disputes, prior to that date the parties were specifically ordered not to amend the deadlines from the ISC on their own and that order remained in effect at the time the parties appear to have meddled with the deadlines.

> Knowing that courts dislike to deal with discovery disputes, [d]efendants made all efforts to either receive the overdue discovery in the form of documents and answers; or to engage [p]laintiff with the possibility of a joint motion for an enlargement of time to finish the discovery. Plaintiff proved unamenable to both. Filing a motion is normally a measure of last resort, when all hope of cooperation is lost.
>
> Indeed, on December 19, 2014, [d]efendants sent [p]laintiff an email with a Notice of Deposition to Plaintiff, setting the deposition for January 21, 2015, at 10:00 a.m. and requested her to provide the documents requested in the Request for Production of Documents; those that she stated were either included with her answers to interrogatory [*sic*], but were not, or that she was in the process of obtaining. Defendants made clear to [p]laintiff that those documents were needed at the earliest, in order to adequately prepare for the taking of her deposition.
>
> Since [p]laintiff produced no document, [d]efendants had no alternative but to cancel [p]laintiff's deposition set for January 19, 2015; and file, on January 21, 2015, their Motion to Dismiss for Lack of Prosecution, informing the Court [of] [p]laintiff's noncompliance with the ISC Order.

ECF No. 90, at 4-5. Although Local Rule 26 imposes upon the parties a duty to confer prior to bringing discovery disputes to the court's attention, it does not provide carte blanche to wait 4 months to seek the court's intervention in resolving a pressing discovery matter. While seeking to coordinate with the opposing side is encouraged, once it became clear that defendants' efforts to obtain the information and documents in question were proving unfruitful, a timely motion to compel the pending discovery could have avoided additional delay. As previously mentioned, the ISC minutes explicitly instruct the parties that they were prohibited from amending the discovery deadlines without prior leave from the court. From defense counsel's response, it appears that the defense was at least willing to agree upon a new deadline for plaintiff to produce their responses to defendants' written discovery once the responses became overdue. Additionally, the defense ignored the deadline for conducting plaintiff's deposition, setting a January 19, 2015 for it to be held, when a deadline of October 14, 2014 had been established at the ISC and the court had not

extended the deadline. Furthermore, although plaintiff's request for an interpreter was unwarranted, defendants were not justified in cancelling her second deposition date, scheduled for May 22, 2015. The fact that they did not have all of plaintiff's medical records in their possession does not suffice as a rationale for the cancellation, absent a prior order from the court permitting the parties to postpone the deposition or enlarging the discovery period. As to defense counsel's explanation regarding plaintiff's purported "insistence" on having an interpreter present, in the response to the court's inquiry regarding whether plaintiff's counsel insisted on having an interpreter present, defense counsel have not asserted or claimed that plaintiff's counsel in fact conditioned the taking of plaintiff's deposition on having an interpreter present. At best, defense counsel admit that they "assum[ed]" as much, given plaintiff's counsel statement, "my client will need an interpreter," and plaintiff's response in opposition (ECF No. 85), in which plaintiff explained her request for an interpreter and requested that the court order defendants to provide her with an interpreter and deny defendants' request for a deposition over of over 7 hours. As counsel for plaintiff notes, plaintiff made herself available for the May 22, 2015 deposition by appearing at defense counsel's office, knowing that defendant's intended to take her deposition in English, without an interpreter. ECF No. 89, at 7. By cancelling the deposition prior to a ruling from the court, on the eve of the close of the second discovery period, defense counsel needlessly put their client's interests in jeopardy and risked losing the opportunity to depose plaintiff in this case.

In light of the foregoing, the undersigned makes the following ruling, which is contingent upon the presiding U.S. District Judge's willingness to move the jury trial date, which is currently set for July 27, 2015 (ECF No. 21). If not done already, on or before July 17, 2015 plaintiff shall fully produce certified copies of her entire medical records from any and all

providers from whom she has received treatment that could have a bearing on her allegations in the complaint at paragraphs 10, 26-27, and / or 53, including but not limited to her records from Dr. Mercedes Velázquez, Dr. Anabel López Rivera, Dr. Leticia Reyes, Dr. Sor María, and Dr. Yaris Ortiz. By that date she shall certify in writing to defense counsel that she has not received medical treatment from any other source that could have a bearing on her allegations in the complaint at paragraphs 10, 26-27, and / or 53.[4] If plaintiff fails to produce all of the documents mentioned by July 17, 2015, she may be precluded from seeking damages for emotional pain and mental anguish at trial, among other possible sanctions. Defendants shall have until July 31, 2015 in order to conduct a medical examination of plaintiff pursuant to Federal Rule of Civil Procedure 35. If defendants choose to have plaintiff examined, she shall make herself available for the examination. By August 14, 2015 plaintiff's deposition shall occur. Since defendants cancelled the May 21, 2015 deposition date prematurely and without justification, defendant's request for a 3-day deposition is denied. Plaintiff's deposition shall last no longer than 7 hours. If

---

[4] Under Rule 26 of the Federal Rules of Civil Procedure, "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has *in its possession, custody, or control* and may use to support its claims or defenses. . . ." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). As plaintiff alleges both that she had a history of mental impairment or disability and that she suffered damages to her mental health, her medical records are relevant and fall within the scope of discovery for this case. See Fed. R. Civ. P. 26(b)(1). Therefore, defendants are entitled to access and obtain certified, complete copies of all such medical records. See Kline v. Berry, 287 F.R.D. 75, 81-82 (D.D.C. 2012) (noting that, where plaintiff "intends to argue that the emotional anguish caused her medical issues, and thus damages," plaintiff's "medical condition is at issue and she must allow defendant access to her medical records"). One prevalent interpretation is that "documents are deemed to be within the possession, custody, or control of a party . . . if the party has actual possession, custody, or control of the materials *or* has the legal right to obtain the documents on demand." Resolution Trust Corp., v. Deloitte & Touche, 145 F.R.D. 108, 109-10 (D. Colo. 1992) (emphasis in original); see, e.g., Searock v. Stripling,736 F.2d 650, 653 (11th Cir. 1984); Klesch & Co. Ltd. v. Liberty Media Corp., 217 F.R.D. 517, 520 (D. Colo. 2003); Scott v. Arex, Inc., 124 F.R.D. 39 (D. Conn. 1989); Haseotes v. Abacab Internat'l Computers, Inc., 120 F.R.D. 12 (D. Mass. 1988); Buckley v. Vidal, 50 F.R.D. 271, 274 (S.D.N.Y. 1970). "The term 'control' includes the 'legal right of the producing party to obtain documents from other sources upon demand.'" Soto v. City of Concord, 162 F.R.D. 603, 619-20 (N.D. Cal. 1995) (citing Biben, 119 F.R.D. at 425). Applied in the context of an individual's medical records, the patient is deemed to be in "control" of such records because he may request the files at any time, and because, "by either granting or denying consent, he may determine who shall have access to them." Washam v. Evans, 2:10-CV-00150 JLH, 2011 WL 2559850, at *1 (E.D. Ark. June 29, 2011) (citing Bertrand, 2010 WL 2196584, at *1); see also Blackmond v. UT Medical Group, Inc., No. 02-2890 MAV, 2003 WL 22385678, at *2 (W.D. Tenn. Sept. 17, 2003); Lischka v. Tidewater Servs., Inc., No. 96-CV-296, 1997 WL 27066, at *2 (E.D.La. Jan. 22, 1997).

plaintiff insists on having an interpreter present for her deposition, she must hire her own interpreter and pay for the interpreter herself and defendants may then depose her for up to 12 hours, over the course of two days. Dispositive motions shall be due on September 30, 2015. Plaintiff shall not be permitted to conduct any additional discovery, as a sanction for failing to comply with the discovery deadlines imposed by the court and for lacking an adequate excuse for her prolonged delay in responding to defendant's written discovery requests regarding her prior medical treatment and the incomplete nature of her response, in a case in which she herself has put her mental health at issue.

If in his sound discretion the presiding U.S. District Judge is not inclined to move the trial date, then the discovery phase of the case is closed, with the sole exception that on or before June 19, 2015 plaintiff shall fully produce certified copies of her entire medical records from any and all providers from whom she has received treatment that could have a bearing on her allegations in the complaint at paragraphs 10, 26-27, and / or 53, including but not limited to her records from Dr. Mercedes Velázquez, Dr. Anabel López Rivera, Dr. Leticia Reyes, Dr. Sor María, and Dr. Yaris Ortiz. Under this scenario, if plaintiff fails to produce all of the documents mentioned by June 19, 2015, she may be precluded from seeking damages for emotional pain and mental anguish at trial, among other possible sanctions. If the trial date remains unaltered, in light of its proximity and taking into account that defendants cancelled the May 22, 2015 deposition date without substantial justification, defendants will not be permitted to depose plaintiff or to conduct a medical examination of her pursuant to Rule 35. Motions for summary judgment will remain due on July 1, 2015.

In the absence of an explicit ruling from the presiding judge, the parties should assume that the pretrial and settlement conference and trial dates remain as scheduled, and plaintiff shall

10

expeditiously proceed to obtain the medical records from the above-mentioned providers and immediately produce them to defendants, on or before June 19, 2015. <u>The parties shall not amend the deadlines contained in this order without prior leave from the court</u>.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 8th day of June, 2015.

<u>s/Marcos E. López</u>
U.S. Magistrate Judge
